BRYAN SCHRODER
United States Attorney

WILLIAM A. TAYLOR
ALLISON M. O'LEARY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: william.taylor@usdoj.gov
allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>   vs.<br><br>MIGUEL BAEZ GUEVARA,<br>a/k/a "Javi," "El Jefe," "Boss," "Alfredo Cortez," "Alejandro Omea," "Noe Aldofo Mendieta Perez," "Johnny Gomez,"<br><br>               Defendant. | Case No.<br><br>COUNT 1:<br>CONTINUING CRIMINAL ENTERPRISE<br>   Vio. of 21 U.S.C. § 848(a), (b)<br><br>COUNT 2:<br>DRUG CONSPIRACY<br>   Vio. of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)<br><br>COUNT 3:<br>POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE<br>   Vio. of 21 U.S.C. § 841(a)(1) and (b)(1)(A) |

|  | ) | COUNTS 4-7, 10-14: |
|--|---|--|
|  | ) | POSSESSION WITH INTENT TO DISTRIBUTE HEROIN |
|  | ) | Vio. of 21 U.S.C. § 841(a)(1) and (b)(1)(A),(B), and (C) |
|  | ) |  |
|  | ) | COUNTS 8, 9: |
|  | ) | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE |
|  | ) | Vio. of 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
|  | ) |  |
|  | ) | COUNT 15: |
|  | ) | POSSESSING, BRANDISHING, AND DISCHARGING A FIREARM DURING AND RELATION TO A DRUG TRAFFICKING OFFENSE |
|  | ) | Vio. of 18 U.S.C. § 924(c)(1)(A)(i),(ii), and (iii), (c)(1)(C)(i) |
|  | ) |  |
|  | ) | COUNTS 16, 17: |
|  | ) | POSSESSING A FIREARM DURING AND RELATION TO A DRUG TRAFFICKING OFFENSE |
|  | ) | Vio. of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(1)(C)(i) |
|  | ) |  |

## I N D I C T M E N T

The Grand Jury charges that:

### THE DEFENDANT

At all times material to this Indictment:

1. Defendant MIGUEL BAEZ GUEVARA resided in Sonora, Mexico.

//

//

## ENTERPRISE

At all times material to this Indictment:

2. GUEVARA claimed membership in, and association with, the Sinaloa Cartel operating in Sonora, Mexico.

3. GUEVARA formulated, directed, controlled, and participated in a network of drug traffickers designed to transport heroin, methamphetamine, and cocaine from Mexico to Alaska and other locations in the United States for distribution.

4. GUEVARA, his organization, and others participating in the Enterprise, engaged in violations of 21 U.S.C. §§ 841, 843, 846, 848, and 952 as outlined below.

5. The Enterprise involved 5 or more persons acting in concert.

## MEANS AND METHODS OF THE ENTERPRISE AND CONSPIRACY

At all times material to this Indictment:

6. GUEVARA resided in Mexico and used a variety of assumed identities.

7. GUEVARA and his Enterprise utilized social media platforms and encrypted texting applications in order to recruit drug couriers to travel from Alaska into Mexico for the purpose of transporting narcotics directly to Alaska.

8. GUEVARA and the Enterprise targeted Alaska because of the increased prices the Enterprise would receive due to its distance away from Mexican sources of supply.

9. GUEVARA primarily targeted female drug couriers and would verify their identification by requiring them to send a photo of their driver's license or other photo identification.

//

10. Using information from the identification, GUEVARA and other members of the Enterprise booked travel from Alaska to Arizona, and ultimately into Mexico.

11. GUEVARA used prepaid debit cards to arrange travel for the drug couriers.

12. GUEVARA would pay the drug couriers using cash, heroin, and methamphetamine.

13. GUEVARA initially required the United States citizen couriers to travel into Mexico and transport the narcotics across the border into the United States.

14. During their time in Mexico, couriers were kept in a hotel under supervision.

15. GUEVARA made it known he was associated with the Sinaloa Cartel, and there were serious and violent repercussions for couriers who would steal narcotics or provide information to law enforcement.

16. After several days GUEVARA and/or other members of the Enterprise then arranged for return travel to Alaska for each courier.

17. Couriers often traveled in groups, with an assigned "team leader" who was responsible for supervising the other couriers.

18. Couriers would generally carry approximately 250 grams of narcotics on each trip.

19. A male manager was sometimes sent by GUEVARA to collect the narcotics from the female couriers once they passed through TSA airport security screening.

20. Once the couriers arrived in Alaska, a member of the Enterprise gave them directions on where to distribute the narcotics, and pay them for the trip.

//

//

Page 4 of 15

Case 3:20-cr-00011-SLG-MMS   Document 2   Filed 02/21/20   Page 4 of 15

21. GUEVARA would send members of the Enterprise to Alaska to collect narcotics from couriers and to distribute the bulk quantities of narcotics to local street level dealers.

22. Local purchasers and distributors would contact GUEVARA through encrypted messaging apps and request certain quantities of narcotics.

23. GUEVARA would act as the logistics manager and arrange for a time and location for a member of the Enterprise to meet with the local distributor.

24. GUEVARA would not cross into the United States due to outstanding federal and state arrest warrants but conducted all of the operations of the Enterprise from Mexico.

25. GUEVARA and other members of the Enterprise used pseudonyms to conceal their identities in both person-to-person and digital interactions.

26. As the conspiracy progressed the Enterprise would adjust its techniques and methods to avoid law enforcement detection. This included changing communication methods and well as methods to transport narcotics across the international border into the United States.

27. GUEVARA and subordinate managers would sometimes possess firearms to protect the narcotics and proceeds of the narcotics transactions.

28. GUEVARA directed violent retaliation for suspected theft. Threats were also made to couriers and managers, and their families, when narcotics or proceeds were missing.

29. GUEVARA and the Enterprise used several methods to transport proceeds back to Mexico. This includes requiring local drug purchasers in the United States to buy prepaid

debit cards and send photos of the cards to GUEVARA. It also included wiring money to accounts in Mexico. Bulk cash shipments were also trafficked back to Mexico.

## COUNT 1

## CONTINUING CRIMINAL ENTERPRISE

30.     From in and at least sometime in 2016, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including the date of this Indictment, within the District of Alaska, and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did unlawfully, knowingly and intentionally engage in a Continuing Criminal Enterprise in that he unlawfully, knowingly and intentionally violated 21 U.S.C. §§ 841, 843, 846, 848, and 952 which violations include, but are not limited to, the substantive violations alleged in Counts 2-14 of this Indictment, Possession with Intent to Distribute methamphetamine and heroin, Distribution of methamphetamine and heroin, Use of a Telecommunications Facility in Furtherance of Drug Trafficking, and Importation of a Controlled Substance; the substantive violations alleged in the Overt Acts in Count 2 (Conspiracy Count), including Overt Acts listed in OA1-OA26; are realleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, undertaken by defendant, MIGUEL BAEZ GUEVARA, in concert with at least five other persons with respect to whom MIGUEL BAEZ GUEVARA occupied positions of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

31. Furthermore, the defendant, MIGUEL BAEZ GUEVARA, is a principal administrator, organizer, supervisor and leader of the criminal enterprise, which involved possession with intent to distribute and distribution of methamphetamine, its salts, isomers, and salts of its isomers (i.e. pure methamphetamine), and the amount was 200 times the quantity of substance listed in 21 U.S.C. § 841(b)(1)(B).

## COUNT 2

32. Beginning on an exact date unknown, but by at least on or about May 30, 2016, and continuing through the date of this Indictment, both dates being approximate and inclusive, the defendant, MIGUEL BAEZ GUEVARA, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree with each other, within the District of Alaska and elsewhere, to commit the following offenses:

    a. to distribute, and possess with intent to distribute, 50 grams or more methamphetamine, its salts, isomers, and salts of its isomers (i.e. actual methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

    b. to distribute, and possess with intent to distribute, one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and

    c. to distribute, and possess with intent to distribute any amount of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

All of which is in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (C).

Page 7 of 15

Case 3:20-cr-00011-SLG-MMS   Document 2   Filed 02/21/20   Page 7 of 15

# OVERT ACTS

33. In furtherance of the conspiracy, and to effect the objects thereof, the defendant, together with other members of the conspiracy, both known and unknown to the Grand Jury, performed and caused to be performed certain overt acts in the District of Alaska and elsewhere, including, but not limited to the following:

OA1. On or about May 30, 2016, in Ketchikan, Alaska. a conspirator possessed approximately 1,360 grams of methamphetamine to be distributed in Alaska.

OA2. On or about November 28, 2016, in Nogales, Sonora, Mexico, members of the conspiracy shot a U.S. citizen in a dispute and in retaliation for a disagreement over the drug trafficking conspiracy.

OA3. On or about June 25, 2017, at the Lukeville, Arizona port of entry, a conspirator possessed with intent to distribute in Alaska, approximately 200 grams of methamphetamine, and 40 grams of heroin.

OA4. On or about July 21, 2017, at the Nogalas, Arizona port of entry, conspirators possessed with intent to distribute in Alaska, approximately 383 grams of methamphetamine and 220 grams of heroin.

OA5. On or about November 17, 2017, at the Nogalas, Arizona port of entry, conspirators possessed with intent to distribute in Alaska, approximately 490 grams of heroin.

OA6. On or about December 2, 2017, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 25.4 grams of heroin.

//

OA7. On or about December 9, 2017, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 31.2 grams of heroin.

OA8. On or about December 18, 2017, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 82.1 grams of heroin.

OA9. On or about January 6, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 28.5 grams of heroin.

OA10. On or about January 25, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 27.3 grams of heroin.

OA11. On or about February 1, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 27.5 grams of cocaine.

OA12. On or about February 9, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 34.2 grams of cocaine.

OA13. On or about March 2, 2018, near Seattle, Washington, a conspirator possessed with intent to distribute in Alaska, approximately 530 grams of methamphetamine.

OA14. On or about April 9, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 77.3 grams of heroin.

OA15. On or about April 26, 2018, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 75 grams of heroin.

//

//

OA16. On or about May 4, 2018, at the Interstate 19 checkpoint, near Tucson, Arizona, a conspirator possessed with intent to distribute in Alaska, approximately 200 grams of cocaine.

OA17. On or about July 8, 2018, at the Interstate 19 checkpoint, near Tucson, Arizona conspirators possessed with intent to distribute in Alaska, approximately 1700 grams of heroin.

OA18. On or about January 23, 2019, in Anchorage, Alaska a conspirator possessed with intent to distribute in Alaska, approximately 128.3 grams of heroin.

OA19. On or about July 15, 2019, in Anchorage, Alaska conspirators possessed with intent to distribute in Alaska, approximately 2,119 grams of heroin.

OA20. On or about September 27, 2019, at the Nogales, Arizona port of entry, a conspirator possessed with intent to distribute in Alaska, approximately 264 grams of heroin.

OA21. On or about November 13, 2019, in Anchorage, Alaska, a conspirator possessed with intent to distribute in Alaska, approximately 1,745 grams of a heroin.

OA22. On or about November 7, 2017, in Anchorage, Alaska, a conspirator possessed a stolen Glock 27 firearm during and in relation to the narcotics conspiracy.

OA23. On or about February 15, 2018, in Anchorage, Alaska, a conspirator possessed a firearm during and in relation to the narcotics conspiracy.

OA24. On or about January 23, 2019, in Anchorage, Alaska, a conspirator possessed $21,427.00 in drug proceeds to be used in furtherance of the conspiracy.

OA25. On or about May 8, 2019, in Anchorage, Alaska, a conspirator attempted to ship $49,575.00 in drug proceeds to Arizona in furtherance of the conspiracy.

OA26. On or about November 13, 2019, in Anchorage, Alaska, a conspirator possessed $31,500.00 in drug proceeds to be used in furtherance of the conspiracy.

All of which is in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and (B).

## COUNT 3

34. On or about May 30, 2016, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute 50 grams or more of actual methamphetamine.

All of which in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

## COUNT 4

35. On or about December 2, 2017, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 5

36. On or about December 9, 2017, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

//
//

## COUNT 6

37. On or about December 18, 2017, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 7

38. On or about January 6, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 8

39. On or about February 1, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of cocaine.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 9

40. On or about February 9, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of cocaine.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

//

//

## COUNT 10

41. On or about April 9, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 11

42. On or about April 26, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any amount of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT 12

43. On or about January 23, 2019, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any 100 grams or more of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

## COUNT 13

44. On or about July 15, 2019, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute any 100 grams or more of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

## COUNT 14

45. On or about November 13, 2019, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess with the intent to distribute 1 kilogram or more of a mixture and substance containing heroin.

All of which in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

## COUNT 15

46. On or about November 28, 2016, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess, brandish, and discharge a firearm during and in relation to a drug trafficking crime as described in Counts 1 and 2 of this Indictment.

47. At the time the defendant, MIGUEL BAEZ GUEVARA, possessed brandished, and discharged the firearm, he had a prior conviction under 18 U.S.C. § 924(c)(1)(A).

All of which is a violation of 18 U.S.C. § 924(c)(1)(A)(i),(ii), and (iii); (c)(1)(C)(i).

## COUNT 16

48. On or about November 7, 2017, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess a firearm during and in relation to a drug trafficking crime as described in Counts 1 and 2 of this Indictment.

49. At the time the defendant, MIGUEL BAEZ GUEVARA, possessed the firearm, he had a prior conviction under 18 U.S.C. § 924(c)(1)(A).

All of which is a violation of 18 U.S.C. § 924(c)(1)(A)(i); (c)(1)(C)(i).

## COUNT 17

50. On or about February 15, 2018, within the District of Alaska and elsewhere, the defendant, MIGUEL BAEZ GUEVARA, did knowingly and intentionally possess a firearm during and in relation to a drug trafficking crime as described in Counts 1 and 2 of this Indictment.

51. At the time the defendant, MIGUEL BAEZ GUEVARA, possessed the firearm, he had a prior conviction under 18 U.S.C. § 924(c)(1)(A).

All of which is a violation of 18 U.S.C. § 924(c)(1)(A)(i); (c)(1)(C)(i).

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON


s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant U.S. Attorney
United States of America


s/ Bryan Schroder
BRYAN SCHRODER
United States Attorney
United States of America


DATE:     February 18, 2020